SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
MIRA CHERNICK, MSB #696845
Mira.Chernick@usdoj.gov
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon  97204-2902
Telephone:  (503) 727-1000
Attorney for the United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 3:26-CR-00262-SI |
| v. | |
| DANIEL BOSTWICK, | **GOVERNMENT'S MEMORANDUM IN SUPPORT OF DETENTION** |
| Defendant. | |

Defendant Daniel Bostwick, a registered sex offender, collected images depicting the sexual abuse of children as young as toddlers while on parole for a hands-on sexual abuse conviction under Oregon law. He now faces significant penalties for his conduct, including a mandatory minimum of ten years in prison. He is a danger to the community and a flight risk.  Defendant should be detained pending trial.

## I.     LEGAL STANDARD

Pursuant to the Bail Reform Act of 1984, the court shall hold a detention hearing in a case that involves any felony, if the defendant has been convicted of two or more state or local offenses that would have been a federal crime of violence if a circumstance giving rise to federal jurisdiction

**Government's Memorandum on Detention** **Page 1**

had existed. 18 U.S.C. § 3142(f)(1)(D). Additionally, the court shall hold a detention hearing in a case that involves any felony that involves a minor victim. 18 U.S.C. § 3142(f)(1)(E).

If, after a detention hearing, the court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer *shall order* the detention of the person before trial." 18 U.S.C. § 3142(e)(1) (emphasis added). The Ninth Circuit has held that detention is appropriate where a defendant is either a danger to the community or a flight risk; the government need not prove both. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). The United States is permitted to proceed by proffer and to submit hearsay evidence with respect to issues of detention. *See United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986) (citing cases).

## II. FACTUAL BACKGROUND

Defendant has at least two prior convictions for Sexual Abuse in the First Degree under Oregon Revised Statutes 163.427 from the 1990s.[1] He is currently on parole for the most recent of his Oregon convictions, and his phone is subject to monitoring by software pursuant to his conditions of parole. In April of this year, two sexualized images of children were detected on defendant's cell phone by the monitoring software. A subsequent search of defendant's phone and a thumb drive recovered from his person resulted in the recovery of dozens of images depicting the sexual abuse of children. Some of the images depicted children as young as toddlers being sexually

---

[1] ORS 163.427 qualifies as a crime of violence under federal law because it falls within the federal definition of "sexual abuse of a minor" and "forcible sex offense." *United States v. Rocha-Alvarado*, 843 F.3d 802, 808 (9th Cir. 2016).

abused by adults.  The images appear to have been generated by artificial intelligence (AI), but some are so realistic that it is difficult to distinguish them from real photographs.

In addition to the illegal images he possessed, defendant also had a collection of images of clothed children.  Some of these images appear to have been obtained from YouTube or other websites, and they depict mostly young girls, often dressed in gymnastics attire. Other images appear to be photographs taken surreptitiously in public spaces around Portland, including at the Portland Waterfront, on MAX trains, and in Pioneer Courthouse Square. These photographs also depict young girls, who do not seem to know that their picture is being taken. Some girls appear in multiple photographs, indicating that a series of pictures were taken of them without their knowledge.

Defendant was sanctioned under Oregon law for using his phone and the internet in violation of his conditions of parole. He was also indicted federally for possession of obscene visual representations of child sex abuse. Because of his prior convictions, this charge carries a mandatory minimum of ten years' imprisonment.

## III.    ARGUMENT

Defendant is a recidivist sex offender who reoffended while on state supervision. He is in his sixties and faces a decade in prison. Defendant is a danger to the community and a risk of flight.

No condition or combination of conditions can reasonably assure that the community is safe from this offender.  Despite multiple prior convictions for sex offenses and conditions of parole that included device monitoring, defendant was able to obtain dozens of images depicting the graphic sexual abuse of very young children.  He also collected numerous photographs of real children in Portland, either by surreptitiously taking pictures of children in public himself or by obtaining the images from someone else who had done so.  Defendant's history and the circumstances

surrounding the instant offense demonstrate that children in this community will not be safe unless he is in custody.

No condition or combination of conditions can reasonably assure that defendant makes his appearances as required. Defendant is in his sixties and faces at least a decade in prison. Prior to his arrest, he was residing in a halfway house. Given the stakes of this prosecution, the incentive to flee is significant. Defendant should be detained as a risk of flight.

## III.    CONCLUSION

No conditions of release can adequately protect the community from defendant's sexual interest in children or ensure his appearance as required. The government respectfully requests that the Court order that defendant remain in custody pending trial.

DATED: July 23, 2026.

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/ Mira Chernick*
MIRA CHERNICK, MAB #696845
Assistant United States Attorney